```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BASIL J. KYLES                  :
                                :
v.                              :   CIVIL NO. 3:14cv1645(AVC)
                                :
UNITED STATES OF AMERICA        :
```

## Order

The petitioner, Basil J. Kyles, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The court concludes that it lacks jurisdiction over the petition.  As a result, the court transfers the petition to the United States Court of Appeals for the Second Circuit.

### PROCEDURAL BACKGROUND

This is the petitioner's fourth motion brought pursuant to 28 U.S.C. § 2255.  On August 24, 1995, Kyles filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that the process by which the court empaneled the petit jurors systematically excluded minorities.  On March 28, 1996, the court denied the motion on the merits.  On April 23, 1997, Kyles filed a second motion to vacate pursuant to section 2255.  On May 9, 1997, the court transferred the motion to the second circuit.  On April 3, 2002, Kyles filed a third motion to vacate pursuant to section 2255.  On December 10, 2003, the court transferred the motion to the second circuit and denied it without prejudice to its refiling following the second circuit's

decision.  On November 3, 2014, Kyles filed a fourth motion to vacate pursuant to section 2255.  On January 12, 2015, Kyles filed an amended petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255.  As the second circuit has outlined, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court . . . ."  Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996); see also 28 U.S.C. § 1631.  The second circuit has defined a "second or successive motion" as "a prior § 2255 petition, raising claims regarding the same conviction or sentence, [that] has been decided on the merits."  Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).  Without the authorization from the second circuit, the district court lacks jurisdiction to consider the petition.  See Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) (vacating a decision from a district court for lack of jurisdiction where the district court ruled upon a successive motion without the petitioner obtaining authorization from the second circuit).

In this case, the court concludes that it lacks jurisdiction over the petition. On August 29, 1995, Kyles filed his first motion pursuant to section 2255, and the court denied the motion on the merits. Therefore, the instant petition is a "second or successive motion" filed pursuant to 28 U.S.C. § 2255. Because the petitioner has failed to obtain authorization from the second circuit to file the petition in this court, the court hereby transfers the motion to the United States Court of Appeals for the Second Circuit for a determination of whether the petition satisfies the requirements of 28 U.S.C. § 2244.

## CONCLUSION

For the foregoing reasons, the court transfers the petition to the United States Court of Appeals for the Second Circuit. The amended petition to vacate (doc. no. 10) is denied without prejudice to its refiling if the second circuit authorizes the petitioner to file a fourth motion for relief pursuant to section 2255. The motion for release of documents (doc. no. 7) is also denied without prejudice to its refiling. The clerk is hereby directed to mail a copy of this order to the defendant.

It is so ordered, this 4th day of February 2015, at Hartford, Connecticut.

/s/
Alfred V. Covello,
United States District Judge